1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

9
10

KENNETH E. NOVAK,

11

Plaintiff,

12

v.

13

GORDON R. ENGLAND, Secretary of the
U.S. Navy,

14

Defendant.

15

Case No. C05-5584FDB

ORDER GRANTING DEFENDANT'S
MOTION TO DISMISS AND/OR FOR
SUMMARY JUDGMENT

16        Defendant moves for dismissal of this age discrimination case asserting lack of jurisdiction

17  and failure to state a claim upon which relief can be granted.  This cause of action was brought

18  pursuant to the Age Discrimination in Employment Act, 29 U.S.C. § 633a (ADEA).  Plaintiff's

19  claims arise from two Equal Employment Opportunity (EEO) complaints that he brought on August

20  30, 2001 and July 26, 2002.  In the first complaint, Plaintiff alleged that he was refused an upgrade

21  by his supervisor in retaliation for EEO activity that occurred in 1990.  In the second complaint,

22  Plaintiff alleged that he was detailed to another job because of his age and also in retaliation for EEO

23  activity.

24        Plaintiff was first employed with Puget Sound Naval Shipyard and Intermediate Maintenance

25  Facility in Bremerton from approximately 1982 until his retirement May 1, 2004 at 60 years of age.

26  ORDER - 1

On April 22, 1990, Plaintiff became a Mechanical Engineering Technician initially at the GS-7 grade level with full performance level set at a GS-11 grade level.  Plaintiff was promoted to GS-10 on October 15, 2995 and remained at that level until his retirement.

Defendant argues that as to the failure to upgrade in retaliation for 1990 EEO activity, much too long a time has elapsed for there to be any causal connection between his earlier complaint in 1990 and his complaint of not receiving an upgrade in 2001.  Further, Defendant argues, even if Plaintiff could show a prima facie case of retaliation, he would not be able to show that the Government's evidence that Plaintiff was not upgraded to a GS-11 level because his work did not merit such an upgrade.

As to the claim of retaliatory and age-related reassignment, the Government argues that Plaintiff cannot make out a prima facie case because (1) the reassignment was not an adverse action; (2) there is no evidence that similarly situated younger employees were treated differently; and (3) assuming, *arguendo*, that there is a prima facie case, there is no evidence of pretext.  The Government contends that those in Plaintiff's work group were often detailed to work on projects in other departments, and that there is evidence that "overwhelmingly" shows that Plaintiff was having trouble doing the work in the department to which he was assigned, and that his supervisor believed Plaintiff would be better suited to the work in the department to which he was reassigned.

Concerning the age discrimination portion of his reassignment claim, the Government argues that Plaintiff failed to exhaust his administrative remedies, and filed an EEO complaint that raised the issue of retaliation only.

Finally, the Government argues that the claim of intentional infliction of emotional distress must be dismissed because the exclusive remedy for allegations of discrimination based on race, gender, national origin, or retaliation is Title VII of the Civil Rights Act of 1964.  *Brown v. GSA*, 425 U.S. 820, 835 (1976); *Kotarski v. Cooper*, 799 F.2d 1342 (9th Cir. 1986).  Also, the Government argues that this intentional infliction of emotional distress claim must be dismissed

ORDER - 2

1  because it is barred by the Federal Tort Claims Act, since Plaintiff has not filed an SF-95

2  administrative tort claim to the Navy, a jurisdictional prerequisite to filing suit under the FTCA.  *See*

3  28 U.S.C. § 2675(a).  Moreover, the Government also argues that this emotional distress claim is

4  preempted by the Civil Service Reform Act, *Saul v. United States*, 928 F.2d 829 (9th Cir. 1991),

5  which provides a remedial process for employees to challenge "prohibited personnel practices."

6      Plaintiff responded that he did exhaust his administrative remedies, that there were four days

7  of hearings before an administrative judge.  Plaintiff also argues that he has a valid age discrimination

8  claim: he is over forty years old; his transfer to a furniture warehouse to do menial work was an

9  adverse employment action; that he was moved to make room for younger employees; and that he

10  was treated differently from those outside his protected class.

11      Plaintiff also responds that he has a valid retaliation claim: He engaged in protected activity in

12  filing a timely EEO complaint regarding the refusal to promote him; there was an adverse

13  employment action, as he was forced to do menial work in a furniture warehouse, and that he was,

14  thus, embarrassed and forced to retire early.

15      Plaintiff also contends the above actions by defendant amount to intentional infliction of

16  emotional distress, and the claim should be allowed to proceed.

17  **STANDARD FOR DISMISSAL AND SUMMARY JUDGMENT**

18      For purposes of dismissal, allegations in the complaint are normally taken as true.  *Hughes v.*

19  *Rowe*, 449 U.S. 5, 10 (1980).  The motion will be granted if it appears that the plaintiff can prove no

20  set of facts in support his or her claim that would entitle him or her to relief.  *Id.*  Under Fed. R. Civl

21  P. 12(b)(1), subject matter jurisdiction may be challenged at any time by the parties, by the Court *sua*

22  *sponte*, or upon appeal.  *United States v. Cotton*, 535 U.S. 625, 630 (2002.  Once jurisdiction is

23  challenged, the plaintiff bears the burden of establishing jurisdiction, *McNutt v. Gen. Motors*

24  *Acceptance Corp.*, 298 U.S. 178, 189 (1936), by a preponderance of the evidence, *Sanches v.*

25  *Monumental Life Ins. Co.*, 102 F.3d 398, 403-04 (9th Cir. 1996).

26  ORDER - 3

1      For claims of discrimination in federal employment to be actionable in United States District

2  Court, a federal employee must first exhaust the administrative remedies provided by 29 C.F.R. §

3  1614. *Leorna v. United States Dept. Of State*, 105 F.3d 548, 550 (9th Cir. 1997).  To timely exhaust

4  administrative remedies as to any discrimination claim, a federal employee must initiate contact with

5  an EEO Counselor within 45 days of the alleged discriminatory conduct and to file a formal

6  complaint within 15 days of being advised that informal counseling has ended.  29 C.F.R. §

7  1614.105(a)(1) and (d), 106(b).  The time period for filing a complaint "begins to run when the facts

8  that would support a charge of discrimination would have been apparent to a similarly situated

9  person with a reasonably prudent regard for his rights."  *Boyd v. U.S. Postal Service*, 752 F.2d 410,

10  414 (9th Cir. 1985).  As to an age discrimination claim, a plaintiff may either invoke the agency's

11  EEO administrative process and then file a civil action in federal court if he is not satisfied, or,

12  alternatively, a plaintiff may file a claim in federal court in the first instance but must comply with the

13  statutory notice procedure:

14          When the individual has not filed a complaint concerning age discrimination
with the Commission, no civil action may be commenced by any individual under this

15        section until the individual has <u>given the Commission not less than thirty days' notice
of an intent to file such action.  Such notice shall be filed within one hundred and

16        eighty days after the alleged unlawful practice occurred.</u>

17  (Emphasis added.)

18      Summary judgment is proper if  the moving party establishes that there are no genuine

19  issues of material fact and it is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  If the

20  moving party shows that there are no genuine issues of material fact, the non-moving party must go

21  beyond the pleadings and designate facts showing an issue for trial.  *Celotex Corp. v.  Catrett*, 477

22  U.S. 317, 322-323 (1986).  Inferences drawn from the facts are viewed in favor of the non-moving

23  party.  *T.W. Elec. Service v. Pacific Elec. Contractors,* 809 F.2d 626, 630-31 (9th Cir. 1987).

24      Summary judgment is proper if a defendant shows that there is no evidence supporting an

25  element essential to a plaintiff's claim.  *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986).   Failure of

26  ORDER - 4

1  proof as to any essential element of plaintiff's claims means that no genuine issue of material fact can

2  exist and summary judgment is mandated.  *Celotex*, 477 U.S. 317, 322-23 (1986).  The nonmoving

3  party "must do more than show there is some metaphysical doubt as to the material facts."

4  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

5  **DISCUSSION AND CONCLUSION**

6        The issues before the Court are the following, properly exhausted claims: (1) whether

7  Plaintiff was denied an upgrade in retaliation for prior EEO activity, and (2) whether he was

8  discriminated against on the basis of age and in retaliation for prior EEO activity when he was

9  detailed to work in another department in July of 2002.

10       Plaintiff has failed to carry his burden in responding to Defendant's Motion for Dismissal or

11  Summary Judgment.  Summary Judgment for Defendant is appropriate on all Plaintiff's causes of

12  action, including the claim of intentional infliction of emotional distress, for the reasons discussed

13  below.

14  ***Age Discrimination When Detailed to Work in Another Department***

15       To establish a prima facie case of discrimination, a plaintiff must show that he or she (1)

16  belongs to a protected class, (2) was performing according to his employer's legitimate expectations,

17  (3) was subject to an adverse employment action, and (4) similarly situated individuals outside the

18  protected class were treated more favorably.  *See Reeves v. Sanderson Plumbing*, 530 U.S. 133, 142

19  (2000).  It is undisputed that Plaintiff satisfies the first element.  Plaintiff does not, however, satisfy

20  the remaining three elements.

21       The second element  – whether  Plaintiff Novak was performing satisfactory work –  is

22  disputed.  Plaintiff asserts that he was performing satisfactorily, as he was always given favorable

23  evaluations.  Nevertheless, based on affidavits submitted in support of its motion, the Government

24  points out that although Supervisor VanHoff gave Novak an acceptable rating,  he noted on the

25  evaluations that Mr. Novak needed to improve in several areas of performance. VanHoff based this

26  ORDER - 5

1   cited need for improvement on his own knowledge and on information from the various Technical

2   Work Group Leaders (TWGL) who worked with Novak.  For example, Mr. Goosen and other

3   TWGLs reported that Novak had performance problems.  Novak's main duty as a Mechanical

4   Engineering Technician, was developing piping design drawings using a computer design program,

5   but Novak and his co-workers were often assigned to other areas to help with special projects.  The

6   Government's evidence details how Novak was temporarily assigned to another project, the "Tiger

7   Team," where VanHoff thought Novak would be better suited, but was ultimately sent back because

8   the Tiger Team supervisor said he was not carrying his share of the work load and he had

9   performance problems.   While he was working with the Tiger Team, he sent an email to his

10   supervisor, Ms. Waterbury, asking for an upgrade to GS-11, but she did not respond.  Some time

11   earlier, Plaintiff had talked to Novak about an upgrade, but Novak told him he needed to

12   demonstrate that he was able to perform at the GS-10 and the GS-11 level.

13       The third element, whether Novak was subject to an adverse employment action, is not

14   satisfied.  Reassignment may be considered an adverse action if it seriously disadvantages an

15   employee, but "reassignments without changes in salary, benefits, title, or work hours usually do not

16   constitute adverse employment actions."  *Policastro v. Northwest Airlines, Inc.*, 297 F.3d 535, 538

17   (6th Cir. 2002); *see generally, Ray v. Henderson*, 217 F.3d 1234 (9th Cir. 2000).   Again, supported

18   by affidavits that are unrebutted, after Novak was sent back from the Tiger Team, he continued to

19   have problems developing drawings that he was assigned to complete.  Novak's supervisor,

20   VanHoff, determined that Novak would perform better in a job where he did not have to initiate

21   drawings, so he assigned him to a job where instead of initiating drawings, he was responsible for in-

22   putting drawings into a Navy-wide system.  Novak's salary and benefits remained the same, and his

23   supervisor became Guy McFadden, a supervisor for whom Novak stated he liked working.  Novak's

24   work station was located in an overflow area apart from most of his co-workers, owing to space

25   limitations, and Novak did not complain about it at the time.  Under these circumstances, one cannot

26   ORDER - 6

1   conclude that the transfer constituted an adverse employment action. While a job can be made

2   undesirable without affecting money or benefits, not every unpleasant matter constitutes an adverse

3   employment action.

4        The fourth element, a showing that similarly situated individuals outside the protected class

5   were treated more favorably, is also not demonstrated. Plaintiff merely asserts that he was "put out

6   to pasture" to make room for younger employees, thus treating him differently from those outside his

7   protected class. This showing is insufficient.

8        Additionally, there is no showing that any of the reasons put forth by the employer's actions

9   were merely a "pretext" or a coverup for discrimination. Plaintiff's supervisor was also close to

10  Plaintiff's age, and in such a circumstance, this raises an inference of no discrimination. *See, e.g.,*

11  *Brown v. CSC Logic*, 82 F.3d 651 (5th Cir. 1996).

12       ***Retaliation when Denied an Upgrade and when Detailed To Work in Another Department***

13       Plaintiff's unsupported assertions that (1) he was forced to work alone in a warehouse filled

14  with furniture, (2) to do menial tasks that were well below his qualifications, (3) after he filed an

15  EEO complaint that his employer refused to promote or train him because of his age, are insufficient

16  to rebut the evidence submitted by Defendant.

17       To establish a prima facie case of retaliation, Plaintiff must show that (1) he engaged in

18  statutorily protected activity, (2) his employer took an adverse employment action against him, and

19  (3) there is a causal connection between the protected activity and the adverse action. *Vasquez v.*

20  *County of Los Angeles*, 307 F.3d 884, 896 (9th Cir. 2002). If a plaintiff establishes a prima facie case

21  of retaliation, the burden shifts to the defendant to provide a legitimate, non-retaliatory basis for

22  having taken the particular employment action at issue; the burden then shifts back to the plaintiff to

23  establish that the explanation is merely a pretext for unlawful retaliation. *See, e.g., Bergene v. Salt*

24  *River Agr. Imp. And Power District Project*, 272 F.3d 1136, 1141 (9th Cir. 2001). Thus, a plaintiff

25  must ultimately show that but for his having engaged in protected activity, the adverse employment

26  ORDER - 7

1  action would not have been taken.  *Villiarimo v. Aloha Island Air. Inc.*, 281 F.3d 1054, 1064-65 (9th

2  Cir. 2002).

3          Plaintiff Novak has not demonstrated a causal connection between his EEO activity in August

4  2001 and his reassignment in June 2002.  The time frame between the events is too attenuated to

5  imply a causal connection.  *See generally Clark County School District v. Breeden*, 532 U.S. 268,

6  273 (2001)(causation from temporal proximity can only be inferred if the protected activity and

7  adverse action are very close together; citing cases holding that three or four month lapses are too

8  long); *see also Manatt v. Bank of America*, 339 F.2d 792, 800-02 (9th Cir. 2003)(Nine months too

9  long for causal connection; cited cases holding that three and four months was too long to infer

10  causation).

11          Neither has plaintiff demonstrated that the reassignment rises to the level of an adverse

12  action, as discussed in the previous section.  Plaintiff suffered no diminution in salary or benefits.

13  Both the Tiger Team and the group supervised by Guy McFadden, where Plaintiff was transferred

14  the second time, are located in the same building, a converted warehouse, and Plaintiff had to work

15  in an overflow area in the building because of space limitations.   Plaintiff indicated that he liked

16  McFadden.   Complaint about the area where he had to work, even though he indicated he liked Mr.

17  McFadden, does not arise to an adverse employment action.  Plaintiff has come forward with no

18  evidence to show pretext for retaliation.  Plaintiff's bare assertions of retaliation are insufficient to

19  rebut Defendant's motion.

20          ***Intentional Infliction of Emotional Distress***

21          Plaintiff's claim for intentional infliction of emotional distress must be dismissed as he has

22  adduced no evidence  that supports such a claim, and such a claim is inappropriate where the

23  exclusive remedy for discrimination based on race, gender, national origin, or retaliation is Title VII

24  of the Civil Rights Act of 1964; age discrimination claims have an exclusive remedy under the Age

25  Discrimination in Employment Act of 1967; and the claim is barred by the Federal Tort Claims Act,

26  ORDER - 8

1  as no administrative tort claim with the Navy was filed; and the Civil Service Reform Act preempts

2  such a claim as it provides a remedial process by which federal employees can challenge "prohibited

3  personnel practices."

4      Plaintiff's claim for retaliation in being denied an upgrade based on prior EEO activity and his

5  age discrimination claim in retaliation for prior EEO activity when he was detailed to work in another

6  department in July of 2002 must be dismissed on summary judgment.  The intentional infliction of

7  emotional distress claim must be dismissed.

8      NOW, THEREFORE, IT IS ORDERED:

9      Defendant's Motion To Dismiss and/or for Summary Judgment [Dkt. # 12] is GRANTED,

10  and summary judgment is granted in favor of Defendant and against Plaintiff on the retaliation and

11  discrimination claims; Plaintiff's cause of action for intentional infliction of emotional distress is

12  DISMISSED.

13      DATED this 8th day of August, 2007.

14

15

16      FRANKLIN D. BURGESS
       UNITED STATES DISTRICT JUDGE

17

18

19

20

21

22

23

24

25

26  ORDER - 9